## DeSimone et al., Administrators, v. City of Philadelphia (No. 2)

*J. T. Maioriello, G. T. Maioriello* and *T. H. Kline*, for plaintiffs.

*F. F. Truscott*, for defendant.

LEVINTHAL, J., April 2, 1952.—This is a petition under the recently adopted discovery rules, the second such petition to be filed by plaintiffs in this case, for approval of and leave to serve interrogatories. In addition to the interrogatories, plaintiffs seek leave to take the depositions of two named individuals for the same purpose of discovering facts to enable it to pre-

pare a prima facie case against defendant. This action grows out of the death of plaintiffs' decedent by drowning in a city owned and operated swimming pool.

The interrogatories, sought to be served upon defendant itself, are objected to by that party, first, on the general ground that it has already been subjected to the discovery procedure once before in this same proceeding. The argument is advanced that plaintiffs should be limited to a single opportunity to avail themselves of the discovery device.

We find no merit in the naked contention, relied upon by defendant, that the over-all policy of the law is to restrict a litigant under all circumstances to one drink at the procedural well. Particularly would the opposite seem to be so where the procedure in question is that of pretrial discovery. It is altogether conceivable that the information received by the discoverer in answer to a given set of interrogatories may do no more than furnish a lead to the facts ultimately sought, or that it may simply reveal a source from which such facts may be learned. It would seem to us to frustrate the very object of the discovery procedure, if the discovering party, once in sight of his objective of securing the information necessary to prepare a prima facie case or defense, would be foreclosed from accomplishing that objective through the use of additional interrogatories designed to follow up the clue thus unearthed.

This fact is expressly recognized in the Federal Rules of Procedure which provide for the successive use against the same person of the two discovery devices of written interrogatories and oral depositions, and which explicitly state that "The number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires. . . ."; Rule 33. Nor do we construe the omission of such a provision in the greatly abbreviated Pennsylvania rules

as evidence that a contrary rule should apply in this court. On the contrary, we feel that the policy of allowing "follow-up" interrogatories, whether such policy be expressly enunciated in the actual rules themselves or not, is inherently necessary to the success of any system which looks to the intelligent enlightenment of the litigants.

This is not to say that a party is free to traverse in a second set of interrogatories precisely the same ground covered in the first. Such a course would not only be objectionable under our rule 4011(b) as being oppressive and resulting in unreasonable annoyance and expense, as suggested by defendants, but would also be evidence, in our opinion, of the petitioning party's bad faith under rule 4011(a).

This brings us to defendant's objection to the actual substance of the interrogatories on the ground mentioned, namely, that the information sought to be elicited is the same as that called for by plaintiffs, and supplied by defendant, in the earlier discovery proceeding in this matter. As to the present interrogatory no. 1, defendant's objection on this ground is not well taken. The former interrogatories nowhere asked the identity of defendant's employe in charge of the Twelfth and Filbert Streets Square, but the pertinent questions in the earlier set were confined to those persons employed at the Tenth and Reed Streets swimming pool, the actual scene of the accident.

Similarly, we fail to see any direct connection between the present interrogatory, no. 2 and the questions previously propounded by plaintiffs. In fact, this interrogatory, as well as interrogatory no. 1, seems to us to illustrate the point made above regarding the desirability of enabling the discoverer to take advantage, by means of a second resort to the discovery procedure, of leads uncovered by an initial set of interrogatories. Each of the first two numbered ques-

tions is manifestly based upon, and designed to exploit, information elicited in response to the interrogatories served previously.

Interrogatory no. 3 stands in a slightly different light. The question asked herein is whether a man named Rozai was employed by defendant as a lifeguard or in any other capacity at the swimming pool on the day of the accident. Certain additional information is called for in the event this question is answered in the affirmative. As to this interrogatory we agree with defendant that the facts sought to be discovered in the earlier proceeding included the identical information sought here and, for this reason, interrogatory no. 3 will be disallowed.

Defendant raises the additional objection, this time under rule 4011(c)(2), that the information called for in interrogatory no. 2 relates to events which occurred after the happening of the accident and, as such, is irrelevant to the occurrence, hence inadmissible in evidence. We know of no such broad evidentiary principle which stamps as irrelevant all acts on the part of a principal immediately after the happening of an accident. Indeed, evidence of a party's actions, or inaction, following a particular occurrence may be highly relevant as constituting the very departure from ordinarily reasonable conduct upon which liability for negligence is predicated.

It may well be that the latter objection results from a misconstruction by defendant of the rule, applied by Judge Bok, in his opinion in the earlier discovery proceeding in this matter, that "no inference of negligence arises from defendant's *alterations or repairs to its property* after an accident happens." (See 78 D. & C. 433; italics supplied.) The distinction between the narrow principle, cited by Judge Bok, and the broad one for which defendant here contends is readily apparent.

Defendant's final objection to all three interrogatories is that the information sought is already within the knowledge of or available to plaintiffs. A similar argument was raised and dismissed in the earlier proceeding. Defendant relies on the same facts as formerly, without showing any change of circumstances since that time. Consequently, the objection on this ground is entitled to no greater weight here.

In addition to serving interrogatories on the party defendant, plaintiffs ask leave to take the depositions of Mrs. Ralph Malino, widow of defendant's lifeguard on duty at the place and time of the accident, and Isabella Johnston, locker-room attendant at the swimming pool.

Defendant argues, first, that the intended deponents are within the jurisdiction of the court and are thus amenable to the legal process provided for the purpose of compelling their attendance at the trial of the action, and therefore their depositions should not be allowed prior to trial. It is plain that such an argument completely misconceives the function of the pretrial discovery procedure, which is to gather facts *before trial* for use in the preparation of the discoverer's case. Such a procedure is, by actual definition, a pretrial device and subject to none of the limitations prescribed elsewhere in the procedural rules with respect to depositions taken for use at the trial.

Defendant next argues against allowing the depositions on the ground that the rules of procedure contemplate use of this method of discovery only where deponent is a party to the action. It is the contention of defendant that the phrase "any party or person", used in rule 4007(*b*), does not embrace nonparties to the litigation. This argument, illogical on its face, is completely refuted by the fact that the very same subsection of rule 4007 employs the single phrase "any party" where the class intended to be described

is composed wholly of litigants. It is clear beyond question that the persons named in plaintiffs' petitions are proper deponents under the discovery rules.

The subject matter intended to be covered in the deposition of Mrs. Malino is the state of her deceased husband's health immediately prior to and at the time of the accident. Defendant again makes the assertion, unsupported by any authority whatsoever, that such evidence would be inadmissible at the trial as being irrelevant to the issue of the city's negligence. It seems plain to us that the health of one employed as a lifeguard in a public swimming pool may have an important bearing on the ability of such lifeguard to discharge his duties adequately, and to the extent such fact is known or knowable to the operator of the swimming pool, is entirely relevant on the question of negligence in the pool's operation.

Finally, defendant argues against the taking of Mrs. Malino's deposition for the reason that "it would involve an attempt to have her testify against her husband's interests". Whether this vague allusion in the brief is to the statutory disqualification of a husband or wife as a witness against his or her living spouse (Act of May 23, 1887, P. L. 158, sec. 5, cl. (6) ; Act of May 10, 1927, P. L. 861, no. 436, sec. 1, 28 PS §317) or to the statute rendering incompetent as a witness any party having an interest adverse to that of a dead person (Act of May 23, 1887, P. L. 158, sec. 5, cl. (e), 28 PS §322), it is equally clear that neither is applicable under the circumstances presented here.

Similarly devoid of merit is defendant's objection on the ground of immateriality to the deposition of Isabella Johnston, which is intended to disclose the highly pertinent circumstances surrounding the death of plaintiffs' decedent and other facts regarding the operation and equipment of the swimming pool on the date of the drowning.

Plaintiffs' petition is allowed in all particulars, with the exception that the whole of interrogatory no. 3 need not be answered.